## 39881. HILTON CONSTRUCTION COMPANY v. MARTIN MECHANICAL CONTRACTORS, INC.

CLARKE, Justice.

Certiorari was granted to consider the following questions: whether the Superior Court of Clarke County had jurisdiction to vacate an arbitration award made under the Federal Arbitration Act, 9 USCA § 1, et seq.; if so, whether state or federal law should govern the vacation of the award; and whether the failure of the arbitrator to

add a party to the arbitration was a ground for vacating the award.

We find that if the superior court has jurisdiction to vacate as well as confirm an arbitration award under the Federal Arbitration Act, federal law must be applied to the question. However, we find that since under federal law the trial judge properly confirmed the award, the question of whether the court would have had jurisdiction to vacate it is not before us.

Hilton Construction Company, Inc., and Zac Smith & Company, a joint venture (Hilton) entered into a contract with the Hospital Authority of Clarke County for renovations and additions to Athens General Hospital. Hilton, as general contractor, entered into various subcontracts, including one with Martin Mechanical Contractors, Inc. (Martin), for heating, ventilating and air conditioning, and one with Stephenson Associates, Inc. (Stephenson) for plumbing. A dispute arose as to responsibility for steam connection work. Hilton contended that the work was the responsibility of Martin or Stephenson. Both denied responsibility. Martin did the work under protest and filed for arbitration as to compensation in accordance with provisions of the prime contract between Hilton and the owner, which was incorporated by reference into the subcontract with Martin, and of the subcontract itself.

Martin obtained an award following arbitration pursuant to the Federal Arbitration Act. Hilton then applied to the Superior Court of Clarke County for vacation of the award under 9 USCA § 10. Martin counterclaimed for a confirmation of the award. Both sides moved for summary judgment and the trial court denied Hilton's motion and granted Martin's, thereby confirming the award. On appeal, the Court of Appeals affirmed the trial court holding that while state courts may apply 9 USCA § 9 confirming an arbitration award under the Federal Arbitration Act, state courts have no jurisdiction to vacate an award pursuant to § 10 of the Act. *Hilton Constr. Co. v. Martin Mechanical Contractors,* 166 Ga. App. 40 (303 SE2d 119) (1983).

The Court of Appeals found that while the Superior Court of Clarke County had jurisdiction to confirm the arbitration award under § 9 of the Federal Arbitration Act that the Court did not have jurisdiction to vacate the award under § 10 of the Act. The Court of Appeals based its reasoning on the language in the preamble to § 10: "In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award. . . ." The Court of Appeals interpreted this language to mean that only United States district courts may vacate an award.

In Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., —— U. S. —— (103 SC 927, 74 LE2d 765) (1983), the United States

Supreme Court found that state courts as well as federal courts are obliged to grant stays of arbitration pursuant to § 3 of the Act, noting that § 3 refers "ambiguously" to a suit " 'in any of the courts of the United States.' " Id. at 942. However, the court found it was less clear whether the state courts as well as federal courts have jurisdiction to compel arbitration pursuant to § 4, which speaks of the right of an aggrieved party to petition "any United States district court which, save for such agreement, would have jurisdiction. . . ." Id. Therefore, the question of the state court jurisdiction of § 4, which contains similar language to that of § 10, is unsettled. Although logic would dictate that the state court have jurisdiction to vacate an award if it has jurisdiction to confirm an award, this issue, like the issue of state court jurisdiction to apply § 4, remains unsettled. However, that question is not before us because the trial court's confirmation of the arbitration award was proper. The state court was bound to follow federal law, and no grounds for vacation of the award are present in this case under the Federal Arbitration Act.

The transaction out of which the arbitration arose involved commerce within the meaning of 9 USCA § 1. "Where such a transaction involves commerce, within the meaning of the Federal Arbitration Statute, the state law and policy with respect thereto must yield to the paramount federal law. American Airlines, Inc. v. Louisville &c. Air Board, 269 F2d 811." *West Point-Pepperell v. Multi-Line Industries,* 231 Ga. 329 (201 SE2d 452) (1973). See also *Paine, Webber, Jackson & Curtis, Inc. v. McNeal,* 143 Ga. App. 579 (239 SE2d 401) (1977). The holding in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., supra, made it clear that the Federal Arbitration Act creates a body of federal substantive law. "Section 2 [of the Act] is 'a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." Id. at 103 SC 941.

Since the Federal Arbitration Act created a body of substantive federal law, if a state court has jurisdiction to vacate an award, federal law rather than state law governs the vacation of the award. The grounds for vacation of the award under § 10 of the Act are (1) where the award was procured by corruption, fraud, or undue means; (2) where there is evident partiality or corruption in the arbitrators; (3) where misconduct of the arbitrators prejudiced the rights of the parties; (4) where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award was not made.

The general contract to which Hilton was a party, incorporated by reference into the subcontract between Hilton and Martin, which is the subject of this dispute, the following provision:

"No arbitration shall include by consolidation, joinder or in any other manner, parties other than the owner, the contractor and any other person substantially involved in a common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration."

Hilton insists that this language mandated joinder of Stephenson since Hilton claims indemnity against Stephenson and that the arbitrator's failure to join Stephenson amounted to misconduct. However, we read this language as prohibiting joinder of parties other than those specified rather than as mandating joinder of those specified.

Stephenson, whose joinder Hilton now claims as essential, was not a party to the contract between Martin and Hilton. Hilton filed no arbitration demand against Stephenson until over five months after the arbitration award was made. Therefore, there was no basis upon which the arbitrator could have compelled arbitration as to Stephenson. Inasmuch as Stephenson's joinder could not be compelled, the arbitrator's failure to order joinder cannot be construed as misconduct. Since there is no question that none of the § 10 grounds for vacation of the award was present, the court's refusal to vacate the award and the court's confirmation of the award should be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 16, 1983 —
REHEARING DENIED DECEMBER 15, 1983.

*Morris & Manning, David W. Porter, David A. Rabin,* for appellant.

*Griffin, Cochran & Marshall, Robert D. Marshall,* for appellee.