525 So.2d 918 (1988)
A.G. EDWARDS & SONS, INC., and James S. Pinkerton, Appellants,
v.
Vincent PETRUCCI and Barbara Petrucci, Appellees.
No. 87-1509.
District Court of Appeal of Florida, Second District.
April 27, 1988.
Douglas R. Bald and Andrew Shaw of Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, for appellants.
Steven G. Schember and George Franjola of Dykema, Gossett, Spencer, Goodnow & Trigg, Sarasota, for appellees.
DANAHY, Chief Judge.
This appeal arises from a contract for stockbrokerage services between the appellants, defendants in the trial court, and the appellees, plaintiffs below. The appellants moved for and were granted an order compelling arbitration of all counts in the complaint except one whose issue is not relevant here. The motion to compel arbitration was pursuant to the account agreement between the parties. At the arbitration hearing, the appellees presented Thomas E. Nix as an expert witness in the areas of securities trading and investments. On voir dire the appellants' counsel sought to disqualify Nix by showing that counsel had contacted the institutions which had purportedly granted Nix's degrees but that the institutions replied that they had not, in fact, bestowed the claimed degrees upon Nix. The appellees refused to withdraw Nix as their expert, and the arbitrator received *919 Nix's opinion testimony into evidence subject to later verification of his academic status which qualified him as an expert. After the hearing, but before the arbitrator made his decision, the appellees themselves further investigated Nix's background and credentials only to find that Nix was not what he claimed to be and did not have the background and training to qualify him as an expert.[1] Based on what they had discovered, the appellees asked the arbitrator to withdraw from his consideration all of Nix's opinion testimony leaving in only Nix's computations as to damages since Nix's computations were substantially the same as the appellants' computations on that issue. The appellees further urged the arbitrator to decide the case as to liability and damages after excluding consideration of Nix's opinion testimony. The arbitrator did exactly what the appellees asked and, thereafter, entered his decision finding in favor of the appellants on all claims.
The appellees then moved the trial court to vacate the award which they now claimed was based on fraud. Their motion stated that "[t]he hearing in this matter and the award of the arbitrator was so tainted by the fraudulent testimony of a witness that justice requires that the award be vacated." The appellants countermoved to strike the appellees' motion to vacate on the grounds that there was no fraud within the meaning of the applicable law. The trial court held a hearing and received several posthearing memoranda containing the various arguments of the parties. The trial court, granting the appellees' motion to vacate,[2] specifically found:
5. Although Mr. Nix's calculations were not stricken from the record, these calculations, without the benefit of expert testimony as to their significance, are meaningless.
... .
7. Mr. Nix committed a fraud upon the parties, their counsel and the arbitrator. The award, therefore, was procured by fraud within the meaning of § 10(a) of the United States Arbitration Act, 9 U.S.C. § 10, which act applies to this dispute.
The appellants appeal from this order.
As a threshold matter, we must decide whether, since the trial court found in its order vacating the arbitration award that the proceedings were pursuant to the Federal Arbitration Act, 9 United States Code, section 10, the state court had jurisdiction to hear those matters. The appellants cite to us Hilton Construction Co. v. Martin Mechanical Contractors, Inc., 166 Ga. App. 40, 303 S.E.2d 119, aff'd, 251 Ga. 701, 308 S.E.2d 830 (1983). The posture of the case before the appellate court in Hilton was different than in the case before us: the appeal was from a final order of the trial court which had granted one party's motion to confirm the award when it also had before it the other party's prior motion to vacate the award. The Hilton court concluded that because the wording of 9 United States Code, sections 3 and 9, differed from the wording of 9 United States Code, section 10, the state court did not have jurisdiction to vacate an arbitration award, although it did have jurisdiction to stay trial proceedings pending arbitration and confirm the resulting award.
The pertinent parts of 9 United States Code, sections 3 and 9, which seem to confer jurisdiction on federal as well as state courts, read as follows:
§ 3. Stay of proceedings where issue therein referable to arbitration
If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration *920 under an agreement in writing for such arbitration, the court in which such suit is pending, ... shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, ... .
... .
§ 9. Award of arbitrators; confirmation; jurisdiction; procedure
If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.
On the other hand, 9 United States Code, section 10, seems to restrict jurisdiction to federal courts if the motion is only one to vacate. The relevant portion of the statute reads:
§ 10. Same; vacation; grounds; rehearing
In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration 
(a) Where the award was procured by corruption, fraud, or undue means.
The Georgia appellate court concluded that they could not ignore the clear language of section 10 restricting jurisdiction to federal courts because it was obvious that when Congress intended to confer concurrent jurisdiction, it had no trouble doing so as evidenced by sections 3 and 9. The appellate court affirmed the trial court's refusal to vacate the arbitration award on the jurisdictional grounds and further concluded that the trial court properly confirmed the award, which action was within its jurisdiction. On review, the Georgia Supreme Court affirmed the appellate court although the supreme court questioned the reasoning of the appellate court in differentiating the jurisdiction under section 10.[3] The supreme court stated that "although logic would dictate that the state court have jurisdiction to vacate an award if it has jurisdiction to confirm an award," 308 S.E.2d at 831, it declined to rule on that precise issue because that question was not before it since the trial court had properly confirmed the award. 308 S.E.2d at 832.
We do, in the instant case, have that precise issue before us because there was no motion to confirm the award before the trial court, just the motion to vacate; the appellees, naturally, would not move to confirm an award not in their favor. We agree with the Georgia Supreme Court that logic would dictate that the state court have jurisdiction to vacate an award if it had jurisdiction to confirm the same award. In this regard, we find persuasive the reasoning of the New Mexico Supreme Court in United Nuclear Corp. v. General Atomic Co., 98 N.M. 633, 651 P.2d 1277 (1982) [hereinafter UNC v. GAC]. The New Mexico court, in deciding this issue, held that:
Subject matter jurisdiction should be determined not with respect to individual sections of the [Federal Arbitration] Act but with respect to the Act as a whole. See Bernhardt v. Polygraphic Co., 350 U.S. 198, 201, 76 S.Ct. [273], 275, 100 L.Ed. 199 [1956]; Robert Lawrence Co. [v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir.1959), cert. dismissed, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960)]. In discussing this issue, the Court of Appeals for the Fifth Circuit stated:
The Arbitration Act was enacted as a single comprehensive statutory *921 scheme. To engage in the reasoning the plaintiff suggests [that Section 2 may be construed to be independent of Section 4] would in effect repeal Section 4 of the Act.

Commercial Metals Co. v. Balfour, Guthrie & Co. [577 F.2d 264, 268-69 (5th Cir.1978)] (citations omitted).
... .
A congressional intent to establish exclusive jurisdiction in the federal courts is not to be lightly inferred. [Charles] Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). Jurisdiction in the state court must be affirmed "where it is not excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case." Claflin v. Houseman, 93 U.S. [(3 Otto)] 130, 136, 23 L.Ed. 833 (1876).
Considering Section 10 in light of Hoiness v. United States [335 U.S. 297, 301-02, 69 S.Ct. 70, 72, 93 L.Ed. 16 (1948)], and Bainbridge v. Merchants & Miners [Transportation] Co. [287 U.S. 278, 280, 53 S.Ct. 159, 77 L.Ed. 302 (1932)], it is apparent that Section 10 relates to venue and not to jurisdiction. Its provisions limit federal court venue but are not applicable to state courts [as a jurisdictional limitation of subject matter].
UNC v. GAC, 651 P.2d at 1286.
In accord with this reasoning, we find that the trial court did have jurisdiction to enter an order vacating the arbitrator's award under 9 United States Code, section 10.
Having established that the court had jurisdiction, we now focus on section 10 and our disposition on the merits of the case. We note at the outset that for section 10 to afford the appellees relief, the award must have been "procured" by the fraud complained of and that the fraud must be established by clear and convincing evidence. Dogherra v. Safeway Stores, Inc., 679 F.2d 1293, 1297 (9th Cir.1982). The record does not support the finding of the trial court on either of these grounds. In the first place, it was the appellants who obtained (i.e., "procured") the award since the award was favorable to them. The appellants committed no fraud; if there was any fraud, it was committed by the appellees when they presented an expert witness with falsified credentials.[4] Therefore, no fraud "procured" the award in favor of the appellants. A fraud, if there was one, could only have occurred if the appellees were the prevailing party in the arbitration. Since the appellees requested and the arbitrator struck Nix's testimony and did not consider it, the appellees cannot now be heard to complain that an award was entered which was not based on the stricken testimony.
Further, where there is "fraud" it must materially relate to an issue in the arbitration, Shearson Hayden Stone, Inc. v. Liang, 653 F.2d 310, 313 (7th Cir.1981). Since the appellees had requested the arbitrator to leave Nix's computations in evidence because they were substantially similar to the appellants' computations, the evidence showed that the arbitrator could have relied just as well on the appellants' evidence to reach his decision. And it is well settled that reviewing courts must give great deference to arbitral decisions. See, e.g., Affiliated Marketing, Inc. v. Dyco Chemicals & Coatings, Inc., 340 So.2d 1240 (Fla. 2d DCA 1976), cert. denied, 353 So.2d 675 (Fla. 1977); French v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 784 F.2d 902 (9th Cir.1986); Ethyl Corp. v. United Steelworkers, 768 F.2d 180 (7th Cir.1985); Office & Professional Employees International Union, Local 2 v. Washington Metropolitan Area Transit Authority, 724 F.2d 133 (D.C. Cir.1983); Newark Stereotypers' Union No. 18 v. Newark *922 Morning Ledger Co., 397 F.2d 594 (3d Cir.1968), cert. denied, 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968); Dogherra; Liang. Only arbitral decisions which are "completely irrational" or which constitute "manifest disregard of the law" will be overturned. French; see, e.g., UNC v. GAC for an arbitral decision in such manifest disregard of the law. We do not find that the award in the instant case is such an irrational award or in manifest disregard of the law that it required the trial court to vacate it. The arbitrator was aware of the expert witness's false credentials; he struck the expert's testimony on request of the appellees, and we must assume that he did not consider this opinion testimony. There was no evidence indicating that the arbitrator based his decision on the discredited expert's testimony and no such evidence was presented by the appellees. Thus, the trial judge had no evidence upon which he could have based his decision to vacate under 9 United States Code, section 10.
Because the appellees had no evidence to present to the trial judge that the discredited expert's testimony was relied upon by the arbitrator in issuing his award, the appellees have failed the second part of the test to succeed in vacating under Dogherra  that the fraud must be shown by clear and convincing testimony. The appellants submit that despite the fact that the trial court was sitting in a review capacity, it did not review a single word of the testimony from the arbitration hearing because nothing from the arbitrator's proceedings was in the record before it. Thus the trial court failed to consider the numerous other reasons the arbitrator could have ruled the way he did. Additionally, the trial court's final order shows that the only factor it considered in vacating the award was the fact that the losing parties' own witness had lied under oath regarding his credentials and that this false testimony unduly tainted the entire proceedings, thereby warranting an entirely new hearing. We agree with the appellants that the trial court was second-guessing the arbitrator, which is clearly not its role in this matter. When parties agree to submit their disputes to arbitration, they give up some of the procedural and evidentiary safeguards of the trial process. This is the trade-off in participating in the usually less costly, less formal, and speedier arbitration process. In that process neither the trial court nor we can substitute our judgment for that of the arbitrators.
Lastly, the appellants argue that the appellees were estopped from attempting to vacate the award in the trial court because they had waived their objections to the irregularities represented by Nix's expert status. The appellees requested that the arbitrator proceed to a decision on the merits without consideration of Nix's testimony save for his computations. The appellants contend that now to claim the arbitrator's decision tainted by Nix's testimony is highly irregular. Although waiver is arguable on these facts, we find ample reason to reverse the trial court on our analysis that there was no fraud as contemplated by 9 United States Code, section 10(a), and decline to decide the case on the waiver issue.
We reverse the trial court's order vacating the arbitration award and remand with instructions to grant the appellants' motion to strike and for further proceedings consistent with this opinion.
SCHOONOVER and HALL, JJ., concur.
NOTES
[1] See Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378 (11th Cir.1988), for an example of Nix's false credentials tainting an arbitration award case where he testified as an expert witness.
[2] The appellants contend, and the appellees do not dispute, that the trial court's file does not contain any transcripts of testimony, exhibits, or briefs from the arbitration proceeding. The appellants submit, therefore, that the trial court did not consider any of these items in deciding to vacate the arbitration award. The appellate record does not contain a transcript of the court's hearing on the appellees' motion to vacate.
[3] The Georgia Supreme Court also noted that the language of 9 U.S.C. § 4 was ambiguous as to concurrent jurisdiction in much the same way as section 10 and that the issue was unsettled, citing Moses C. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 764 (1983). Hilton, 308 S.E.2d at 831.
[4] We do not imply that the appellees intended to commit a fraud. In fact we agree with the trial court who stated in its final order that "neither [the appellees] nor their counsel intended to present fraudulent testimony at the hearing as they were unaware that Mr. Nix did not possess the qualifications he claimed to possess. Mr. Nix had been recommended to [the appellees'] counsel by another attorney who practices in this field and who had obtained successful results on behalf of clients in matters in which Mr. Nix had testified." See, e.g., Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378 (11th Cir.1988).