**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 3, 2025**

# In the Court of Appeals of Georgia

A25A1398, A25A1399. HERNANDEZ AUTOPAINTING AND BODYWORKS, INC. v. MEDINA.

MCFADDEN, Presiding Judge.

Hernandez Autopainting and Bodyworks, Inc. appeals from a trial court order denying its motion to confirm an arbitration award. We hold that the trial court erred by ruling that she lacked jurisdiction to confirm the award. So we reverse.

1. *Background*

Appellee Cheryl Medina was driving her car when it was struck by another driver. She took her car to Hernandez for repairs. Medina signed Hernandez's "authorization and consent" form, which provided that any dispute between them was subject to arbitration.

When a dispute about payment arose, Hernandez filed a motion to compel arbitration in the superior court, which the court granted. The parties underwent arbitration, and the arbitrator issued an award in favor of Hernandez.

Hernandez then filed a separate action in superior court to confirm the final arbitration award. The superior court denied the petition to confirm on the ground that, under the language of the arbitration provision in the parties' agreement, the parties were required to apply to a federal court for confirmation of the award. Thus, the court concluded, she lacked jurisdiction to confirm the award. Hernandez appeals from the trial court's order.[1]

2. *The superior court had jurisdiction to confirm*

The arbitration provision in the parties' agreement states that any arbitration would be governed by the Federal Arbitration Act, 9 USC § 1 et seq., and that "[j]udgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof." The trial court held that because the parties did not

---

[1] The order denying confirmation was entered in both cases, and Hernandez filed notices of appeal from the order in both cases. As both appeals challenge the same order, we decide them together.

specify the court, the parties were required by § 9 of the Act to seek confirmation in federal court. That is not what § 9 says.

Section 9 of the Act provides in part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 USC §§ 10, 11]. If no court is specified in the agreement of the parties, then such application *may* be made to the United States court in and for the district within which such award was made.

9 USC § 9 (emphasis added). The first sentence authorizes the parties to select the court that is to have jurisdiction to address confirmation. The second sentence says that if the parties do not specify a court, the application for confirmation "may be made to the United States court in and for the district within which such award was made." Id.

Contrary to Medina's argument on appeal, the statute does not say that confirmation may not be sought in a state court. Indeed, under 9 USC § 9,

"applications [for confirmation] *go to state, rather than federal, courts* when they raise claims between non-diverse parties involving state law." *Badgerow v. Walters*, 596 US 1, 18 (II) (142 SCt 1310, 212 LE2d 355) (2022) (emphasis added). There is no indication from the materials before us that a federal court would have exclusive jurisdiction over this dispute between non-diverse parties and involving state law.

The parties' agreement "did not specify what court [could confirm the award] but by use of the language 'any court' obviously included state courts." *Hilton Constr. Co. v. Martin Mech. Contractors*, 166 Ga. App. 40, 42 (2) (303 SE2d 119) (1983),[2] affirmed by *Hilton Constr. Co. v. Martin Mech. Contractors*, 251 Ga. 701, 703 (308 SE2d 830) (1983) (pretermitting whether superior court had jurisdiction to vacate an arbitration award made under the Federal Arbitration Act because the superior court's confirmation of the award was proper).

The superior court erred in holding that she lacked jurisdiction to confirm the award.

3. *Hernandez could seek confirmation*

---

[2] Although then-Judge Carley concurred specially, he agreed that the superior court had jurisdiction to confirm the award when the parties' agreement, governed by 9 USC § 9, included this language. Id. at 43-44.

Medina argues that the trial court could not confirm the award because the parties never agreed to enforcement of any award. She argues that confirmation is permissible only if the arbitration agreement states that judgment *shall* be entered upon the award. See 9 USC § 9 (a party may apply to a court for an order confirming the award "[i]f the parties in their agreement have agreed that a judgment of the court *shall* be entered upon the award") (emphasis added). Here the parties agreed that "[j]udgment on the award rendered by the arbitrator *may* be entered in any court having jurisdiction thereof." (Emphasis added.) We are not persuaded.

Medina relies on *Varley v. Tarrytown Assocs.*, 477 F2d 208, 210 (2d Cir. 1973). But in *Varley*, the parties' arbitration agreement was silent on the issue of confirmation. In the instant case, "however, the parties explicitly provided that judgment 'may be entered' on a final award by the arbitration tribunal. Such language is sufficient to trigger 9 USC § 9." *Ono Pharm. Co. v. Cortech*, No. 03 CIV.5840 SAS, 2003 U.S. Dist. LEXIS 19556 at *12 (IV) (A), 2003 WL 22481379 (S.D.N.Y. Nov. 3, 2003) (footnote omitted).

Moreover, as Hernandez argues, the parties agreed that their arbitration would be "administered pursuant to JAMS' Comprehensive Arbitration Rules and

Procedures and in accordance with the Expedited Procedures in those Rules[.]" Those rules provide that the parties "shall be deemed to have consented that judgment upon the [a]ward may be entered in any court having jurisdiction thereof." JAMS Comprehensive Arbitration Rules & Procedures, Rule 25. See *P & P Indus. v. Sutter Corp.*, 179 F3d 861, 867-868 (1) (A) (10th Cir. 1999) (parties implicitly consented to judgment being entered upon award because they had agreed that arbitration would be governed by certain rules, and those rules provided that judgment may be entered in any federal or state court having jurisdiction).

The trial court erred by ruling that she lacked jurisdiction to confirm the award. So we reverse the trial court's order. We decline Hernandez's request that we direct the trial court to confirm the award. Instead, we leave that issue to the trial court in the first instance.

*Judgments reversed. Hodges and Pipkin, JJ., concur.*