A93A1062. LLOYD et al. v. PRUDENTIAL SECURITIES, INC. et al.

(438 SE2d 703)

SMITH, Judge.

The appellants are investors in the "Daniel Vinings Landing Limited Partnership" ("partnership"). The appellees have played various roles in the formation, marketing, and operation of the partnership. It is beyond dispute that the partnership was an unprofitable venture for appellants. Seven years after making their initial investments, appellants brought suit alleging fraud, breach of fiduciary duty, and negligent misrepresentation, praying for rescission, the return of their investments, and other relief. They argue that the appellees fraudulently enticed them to invest in the partnership and misrepresented its potential and actual performance for a period of over five years and that they did so with superior knowledge. The court granted the appellees' consolidated motions to dismiss on several grounds, and this appeal followed.

1. A copy of the partnership agreement has not been made a part of the record of this case. However, appellants concede in their brief on appeal that the agreement includes language providing that it "shall be construed and enforced in accordance with the laws of the [Commonwealth of Virginia]." Among its stated reasons for dismissing the complaint, the court concluded that since the parties included a choice-of-law provision in the agreement stipulating that the law of Virginia should govern the contract, Virginia's generally shorter statutes of limitation should also apply, effectively barring ap-

pellants' complaint in this state. See Va. Code Ann. §§ 8.01-230; 8.01-243 (A); 8.01-249. We disagree.

"The traditional method of resolving choice-of-law issues is through a tripartite set of rules, which are lex loci contractus, lex loci delicti, and lex fori. Under the rule of lex loci contractus, the validity, nature, construction, and interpretation of a contract are governed by the substantive law of the state where the contract was made, except that where the contract is made in one state and is to be performed in another state, the substantive law of the state where the contract is performed will apply. [Cit.] Under the rule of lex loci delicti, tort cases are governed by the substantive law of the state where the tort was committed. [Cit.] Under the rule of lex fori, procedural or remedial questions are governed by the law of the forum, the state in which the action is brought. [Cit.]" *Fed. Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763, 765 (417 SE2d 671) (1992).

Statutes of limitation "[limit] the time in which a party may bring an action for a right which has already accrued." *Hill v. Fordham*, 186 Ga. App. 354, 357 (2) (367 SE2d 128) (1988). Such statutes "look only to the remedy and so are procedural. [Cits.]" *Hunter v. Johnson*, 259 Ga. 21, 22 (1) (376 SE2d 371) (1989). Appellees cite no case from any jurisdiction, and we are aware of no precedent in this state, standing for the proposition that a choice-of-law provision, if otherwise valid, controls the remedy and procedure to be applied in the forum state as well as the substantive law of the case. In essence, appellees seem to suggest that the choice-of-law provision in the agreement was intended by the parties to make Virginia's law of remedy " 'a *substantive* part of the [partnership agreement] as opposed to a procedural issue.' " *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 730 (5) (389 SE2d 251) (1989). We find no such intent based solely upon the agreement's choice-of-law provision or the record before us. Moreover, we note that, unlike Virginia, our General Assembly has not enacted a so-called "borrowing" statute that would authorize the courts of this state to apply the statutory bar of the foreign state whose laws are found to govern the contract.[1] While we acknowledge appellees' suggestion that appellants have engaged in forum shopping to maintain an otherwise stale claim, we are nevertheless constrained to conclude that the trial court erred in applying Virginia's statutes of limitation.

2. We therefore address appellees' limitations defense under Georgia law. OCGA § 9-3-31, applicable to fraud claims, provides that "[a]ctions for injuries to personalty shall be brought within four

---

[1] Va. Code Ann. § 8.01-247 provides that "[n]o action shall be maintained on any contract which is governed by the law of another state or country if the right of action thereon is barred either by the laws of such state or country or of this Commonwealth."

years after the right of action accrues." See *Hahne v. Wylly*, 199 Ga. App. 811, 812 (1) (406 SE2d 94) (1991). Moreover, OCGA § 9-3-96 provides that "[i]f the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." The question therefore becomes whether the appellants should have discovered the alleged fraud more than four years prior to the time this lawsuit commenced.

Appellants filed their complaint in December 1991. They alleged that they could not reasonably have discovered the fraud until approximately September 1989, effectively placing the filing of the lawsuit well within the applicable limitation period. OCGA §§ 9-3-31; 9-3-96, supra. "Ordinarily, whether or not a cause of action is barred by the statute of limitations is a mixed question of law and fact and may be either, according to the manner in which it is presented. Where the facts are in doubt or dispute, this question is one of fact to be determined by the trier of fact, but where the facts are not disputed, the question of whether the case is within the bar of the statute is one of law for the court. [Cits.]" *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 596 (2) (327 SE2d 736) (1985). We cannot unequivocally state, based on the record currently before us, that any fraud alleged should have been discovered more than four years prior to the commencement of this suit. We find that a determination whether this complaint is within the applicable statutes of limitation as a matter of law is, at the very least, premature.

3. The trial court concluded that the allegations as pled failed to state a claim, because the representations complained of consisted of nothing more than mere "opinions" and "sales puffing." However, "a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cochran v. McCollum*, 233 Ga. 104, 105 (210 SE2d 13) (1974). We are not prepared to say, based on the framework established in appellants' complaint, that no misrepresentations by appellees in connection with the appellants' participation in the Partnership could possibly be pleaded or proven that may be described as more than mere "opinion" and "sales puffing." Moreover, we note that "[t]he proper remedy for seeking more particularity is by motion for a more definite statement [(OCGA § 9-11-12 (e))] at the pleading stage or by the rules of discovery thereafter." Id. Since no such motion has yet been made, the separate and distinct question of whether the complaint is presented with sufficient particularity under OCGA § 9-11-9 (b) is not presented for review. See, e.g., *Skelton v. Skelton*, 251 Ga. 631, 632 (1) (308 SE2d 838) (1983). *Hartley v. Gago*, 202 Ga. App. 770 (415

SE2d 510) (1992), relied upon by appellees, is distinguishable in that it dealt with undisputed facts before the court on a motion for directed verdict and j.n.o.v. We merely hold that the trial court erred in dismissing appellants' complaint for failure to state a claim for the reason given based on the standard enunciated in *Cochran*, supra.

4. Because this case must be reversed for the reasons set forth in Divisions 2 and 3, we need not reach the other enumerations of error.

*Judgment reversed. Cooper, J., concurs. Beasley, P. J., concurs in the judgment only.*

DECIDED DECEMBER 3, 1993.

*Page & Bacek, Edward J. Dovin*, for appellants.
*Parker, Hudson, Rainer & Dobbs, David G. Russell, William J. Holley II, Jamie Brownlee-Jordan, Alan M. Wolper*, for appellees.