A99A2226. SIMMONS COMPANY v. DEUTSCHE FINANCIAL SERVICES CORPORATION.
(532 SE2d 436)

ANDREWS, Presiding Judge.

Simmons Company appeals from the trial court's order: (1) compelling arbitration of a claim asserted by Simmons in a suit against Deutsche Financial Services Corporation (DFS), and (2) dismissing the suit with prejudice. The trial court's order concerned an arbitration agreement enforceable under the Federal Arbitration Act (FAA) (9 USC §§ 1-16). First, we conclude that we have jurisdiction over this appeal because the FAA does not preempt Georgia procedural law allowing the appeal. Second, we find no error in the trial court's

order compelling the parties to arbitrate under the agreement and dismissing the suit with prejudice in favor of arbitration.

After Simmons sued DFS asserting a claim under the terms of a written floor plan repurchase agreement, DFS contended the agreement contained a provision requiring arbitration of the claim and moved pursuant to the FAA to compel arbitration and for dismissal or stay of the suit. Under the FAA, written agreements to arbitrate contained in contracts involving interstate commerce are valid and enforceable in federal and state courts. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U. S. 265 (115 SC 834, 130 LE2d 753) (1995). The parties did not dispute that the floor plan agreement was a contract involving interstate commerce. Rather, the issue presented by DFS' motion was whether the agreement contained a provision requiring arbitration.

DFS presented evidence in support of the motion that the agreement contained the following arbitration provision:

> BINDING ARBITRATION. Any controversy or claim arising out of or relating to this Agreement, the relationship resulting in or from this Agreement or the breach of any duties hereunder will be settled by binding arbitration in accordance with the Commercial Arbitration Rules of The American Arbitration Association. . . . The site of all arbitration participatory hearings will be in the Division of the Federal Judicial District of [DFS'] branch office closest to [Simmons]. . . . The laws of the [S]tate of Illinois will govern this Agreement; provided, however, that the Federal Arbitration Act ("FAA"), to the extent inconsistent, will supercede the laws of such state and govern. This Agreement concerns transactions involving commerce among the several states.

Simmons opposed the motion with evidence that it never agreed to inclusion of this arbitration provision in the floor plan repurchase agreement.

In granting DFS' motion, the trial court determined there was a written agreement to arbitrate the claim, compelled the parties to arbitrate, and dismissed the suit with prejudice. On appeal, Simmons claims the trial court erroneously concluded there was an agreement to arbitrate and thus erred by compelling arbitration and dismissing the suit.

1. Our initial task is to determine if we have jurisdiction of the appeal. This issue arises because of a conflict between FAA rules controlling enforcement of the arbitration agreement and Georgia procedural rules. The FAA controls enforcement of arbitration agreements

in contracts involving interstate commerce. *Dobson*, 513 U. S. 265. The arbitration provision at issue indicates that Illinois law governs to the extent it is not inconsistent with the FAA. This does not mean, however, that the FAA or Illinois law governs the procedures, including appellate procedures, which apply in Georgia, where the suit was filed. *Lloyd v. Prudential Securities*, 211 Ga. App. 247, 248 (438 SE2d 703) (1993). Under the rule of lex fori, procedural or remedial questions are governed by the law of Georgia. Id. Even where a claim is governed by substantive federal law, a state may apply its own procedural rules in its own courts, if those procedures do not defeat the objectives of the federal law. *Felder v. Casey*, 487 U. S. 131, 138 (108 SC 2302, 101 LE2d 123) (1988). Accordingly, the issue controlling our jurisdiction is whether FAA rules prohibiting the appeal preempt Georgia procedural rules allowing the appeal.

Under § 16 of the FAA, once a court has determined that the parties agreed to arbitrate the claim, preliminary appellate review of that determination is limited. The limits are designed to promote the pro-arbitration policies of the FAA by minimizing the delays inherent in preliminary appellate review prior to arbitration. To accomplish this, § 16 prohibits appeals from interlocutory orders compelling arbitration. However, § 16 allows appeals from final decisions compelling arbitration. The opportunity for appellate review of an order compelling arbitration is not lost, but it must wait until after the arbitration award.

In distinguishing under § 16 between nonappealable interlocutory orders compelling arbitration and appealable final decisions compelling arbitration, two categories of cases have emerged. When the only issue before the trial court is whether the parties agreed to arbitrate, the arbitration claim is referred to as an "independent" claim. *Randolph v. GreenTree Financial Corp.*, 178 F3d 1149, 1153 (11th Cir. 1999). The trial court's ruling compelling arbitration on an "independent" claim is considered to be a final decision which ends the litigation and is appealable under § 16. Id. On the other hand, where the issue of whether the parties agreed to arbitrate is before the trial court along with other issues in a broader, substantive suit, the arbitration claim is referred to as an "embedded" claim. Id. Most courts conclude that the trial court's ruling compelling arbitration on an "embedded" claim does not end the litigation for purposes of § 16 and thus the ruling is considered to be a nonappealable interlocutory order under § 16. *Altman Nursing v. Clay Capital Corp.*, 84 F3d 769, 771 (5th Cir. 1996).

Since the ruling compelling arbitration in the present case involved an arbitration claim "embedded" in Simmons' suit on the floor plan repurchase agreement, it fell, at least initially, into the category of a nonappealable interlocutory order under § 16. Rather than

staying Simmons' suit pending arbitration, however, the trial court dismissed the suit with prejudice, leaving no other issues before the court. Some courts have concluded that, when the trial court dismisses the remaining claims in which the arbitration claim was "embedded," this is a final decision appealable under § 16. *Arnold v. Arnold Corp.*, 920 F2d 1269, 1275 (6th Cir. 1990); *Randolph*, 178 F3d at 1155-1157. However, the weight of authority holds that, regardless of whether the trial court elects to dismiss or stay the remaining claims, a ruling compelling arbitration on an "embedded" claim is interlocutory and nonappealable under § 16. *Altman*, 84 F3d at 771-772; see *Randolph*, 178 F3d at 1153-1155 (citing authority pro and con).

Contrary to this authority, Georgia procedural law allows a preliminary appeal from an order by the trial court compelling arbitration, regardless of whether the arbitration claim is "embedded" in a broader substantive suit. *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488 (299 SE2d 538) (1983). Moreover, Georgia law allows appeals from final judgments where the case is no longer pending in the court below. OCGA § 5-6-34 (a) (1). Thus, whether we have jurisdiction depends on whether the FAA preempts the Georgia rule.

The FAA preempts state laws that undermine enforcement of private arbitration agreements. *Southland Corp. v. Keating*, 465 U. S. 1, 16 (104 SC 852, 79 LE2d 1) (1984). "[T]o the extent that [a state law] stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," it will be preempted by the FAA. (Citation and punctuation omitted.) *Volt Information Sciences v. Bd. of Trustees &c.*, 489 U. S. 468, 477 (109 SC 1248, 103 LE2d 488) (1989). It follows that procedural rules established by a state for the arbitration process that do not undermine the purposes and objectives of the FAA are not preempted. *North Augusta Assoc., L.P. v. 1815 Exchange*, 220 Ga. App. 790, 791 (469 SE2d 759) (1996). As explained by the Supreme Court in *Volt*, "[t]here is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate."[1] Id. at 476.

Applying these principles, we find that the Georgia rule allowing

---

[1] Prior to its decision in *Volt*, the U. S. Supreme Court stated in *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U. S. 1, 24 (103 SC 927, 74 LE2d 765) (1983) that the FAA creates a body of federal substantive law and "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." See *Hilton Constr. Co. v. Martin Mechanical Contractors*, 251 Ga. 701, 703 (308 SE2d 830) (1983) (quoting this language from *Cone* in applying the FAA). The Supreme Court's subsequent decision in *Volt* clarified its holding in *Cone* by making clear that the FAA does not preempt all contrary state procedural policies, but only those that would defeat the FAA's objective to enforce private arbitration agreements.

a preliminary appeal from an order compelling arbitration does not undermine the purposes or objectives of the FAA to enforce arbitration agreements. The timing of the right to appeal from an order compelling arbitration is a procedural matter which may delay but does not prevent enforcement of a valid arbitration agreement. See *Batton v. Green*, 801 SW2d 923 (Tex. App. 1990); *Weston Securities Corp. v. Aykanian*, 46 Mass. App. Ct. 72 (703 NE2d 1185, 1189) (1998). Georgia's procedure allowing a preliminary appeal from an order compelling arbitration recognizes that, if the trial court erred in determining there was an enforceable arbitration agreement, a party may be forced to participate in an unwarranted arbitration proceeding. *Phillips*, 250 Ga. at 489. Moreover, as noted above, the federal courts are split over whether the FAA would prohibit a preliminary appeal under the facts of this case. We conclude under the present facts that, assuming § 16 of the FAA would prohibit the appeal, it does not preempt Georgia's procedural rule allowing this appeal. Compare *Primerica Financial Svcs. v. Wise*, 217 Ga. App. 36-37, 41 (456 SE2d 631) (1995) (finding state signature requirements were preempted by the FAA). To the extent *Eure v. Cantrell Properties*, 236 Ga. App. 427 (512 SE2d 323) (1999), holds to the contrary, it is overruled. Accordingly, we have jurisdiction to consider the appeal.

2. In ruling on whether the parties agreed to arbitrate the claim, the trial court was required to apply ordinary state law principles governing the formation of contracts to determine whether the agreement contained an arbitration provision enforceable under the FAA. *First Options &c. v. Kaplan*, 514 U. S. 938, 944 (115 SC 1920, 131 LE2d 985) (1995). Pursuant to the agreement, this required the application of Illinois law.

The suit by Simmons was to collect amounts claimed due from DFS under a floor plan repurchase agreement by which DFS financed Montgomery Ward's purchase of Simmons bedding products for retail sale. DFS presented evidence that in 1995 it entered into a revised floor plan repurchase agreement with Simmons which contained an arbitration provision applicable to the Montgomery Ward floor plan and a floor plan for another retailer, Lechmere. Simmons conceded that it signed the 1995 agreement containing the arbitration provision applicable to the Montgomery Ward and Lechmere floor plans, but it claimed it did so by mistake. According to Simmons, both DFS and Simmons intended to strike all references to Montgomery Ward in the 1995 agreement so that the agreement and the arbitration provision would apply only to the Lechmere floor plan. DFS said it intended for the 1995 agreement and arbitration provision to apply to the Montgomery Ward floor plan and that it received no indication from Simmons that it had a different intention.

Applying Illinois law to these facts, we find no error in the trial court's determination that the parties were bound by a written agreement to arbitrate the claims at issue that was contained in the 1995 agreement signed by both parties. Whether a contract is ambiguous is a question of law for the court, and clear and unambiguous contract terms must be given their ordinary and natural meaning without variance by parol evidence. *Foxfield Realty v. Kubala*, 287 Ill. App.3d 579 (678 NE2d 1060, 1063) (1997). Moreover, "[i]n order to establish a case for reformation of [a] contract, a litigant must prove that the written contract did not reflect the parties' true bargain because of (1) mutual mistake of the parties or (2) unilateral mistake by one party caused by the fraud of the other." *Aetna Screw Products Co. v. Borg*, 116 Ill. App.3d 206 (451 NE2d 1260, 1264) (1983). The terms of the agreement containing the arbitration provision were clear, and Simmons did not establish a basis for reformation of the agreement because of mutual mistake or unilateral mistake caused by fraud.

The trial court did not err by compelling arbitration according to the terms of the agreement. Moreover, since all of the issues in the underlying suit were compelled to arbitration, there was nothing left for the trial court to resolve, and it was not error to dismiss the suit with prejudice rather than grant a stay. See *Green v. Ameritech Corp.*, 200 F3d 967 (6th Cir. 2000); *Randolph*, 178 F3d at 1151, 1154, 1156. The dismissal with prejudice has no effect on a subsequent challenge to the arbitration ruling, which would be a separate action. *Green*, 200 F3d 967.

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Blackburn, P. J., Smith, Ruffin, Eldridge, Barnes, Ellington and Phipps, JJ., concur. Pope, P. J., and Miller, J., concur specially.*

POPE, Presiding Judge, concurring specially.

I concur in the majority's opinion in this case and conclude that my opinion in *Eure v. Cantrell Properties*, 236 Ga. App. 427 (512 SE2d 323) (1999), must be overruled to the extent it states that federal, not state, procedure applies to determine when an order compelling or denying arbitration may be appealed. Rather, state procedure applies unless it "would undermine the goals and policies of the [Federal Arbitration Act]." *Volt Information Sciences v. Bd. of Trustees &c.*, 489 U. S. 468, 478 (109 SC 1248, 103 LE2d 488) (1988). In this case, at least under the Eleventh Circuit precedent noted by the majority, the result is the same under either federal or state law — the trial court's order was final and thus subject to appeal.

But 9 USC § 16 was passed as a means of enforcing the strong federal policy favoring arbitration and inherently recognizes that one of the purposes of arbitration is to provide a streamlined, less expen-

sive alternative to litigation, which could be impeded by the appellate process. And in enacting § 16, Congress determined that in certain instances delaying an appeal would better serve federal arbitration policy. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U. S. 614, 633 (105 SC 3346, 87 LE2d 444) (1985); *Ermenegildo Zegna Corp. v. Lanificio Ermenegildo Zegna, S.p.A.*, 133 F3d 177, 180-181 (2nd Cir. 1998). Therefore, in a case where the availability of an appeal would depend upon whether federal or state procedure is applied, courts must determine whether the application of state procedure would undermine the goals and policies of the FAA. See *Collins v. Prudential Ins. Co. &c.*, 2000 La. LEXIS 114 (January 19, 2000); *Superpumper v. Nerland Oil*, 582 NW2d 647 (N.D. 1998); *Dakota Wesleyan Univ. v. HPG Intl.*, 560 NW2d 921 (S.D. 1997).

I am mindful of the Supreme Court of Georgia's opinion in *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488 (299 SE2d 538) (1983), in which the Supreme Court recommended that trial courts certify for interlocutory review most orders granting or denying stays pending arbitration. But that opinion predates the passage of § 16 and was decided at a time when the federal courts followed the *Enelow-Ettelson*[2] doctrine, which distinguished cases based upon law from cases based upon equity in determining whether an order affecting arbitration was appealable.[3] The Supreme Court understandably declined to adopt that federal policy and instead applied Georgia procedural law. 250 Ga. at 489-490. The Supreme Court has not addressed a case in which the application of state procedure conflicts with § 16. The appeal in *Phillips Constr. Co.* was from an order denying a stay of judicial proceedings pending arbitration. Id. at 490. Assuming an appellant followed the proper procedures for certifying the order for interlocutory review, such an order would be appealable under either Georgia law or § 16. Id. at 490; 9 USC § 16 (a) (1) (A). Therefore, in a case where a conflict between Georgia and federal law exists as to whether an appeal is available, Georgia courts will have to consider whether Georgia procedure undermines the policies of the FAA as set forth in § 16.

I am authorized to state that Judge Miller joins in this special concurrence.

---

[2] *Enelow v. New York Life Ins. Co.*, 293 U. S. 379 (55 SC 310, 79 LE 440) (1935); *Ettelson v. Metro Life Ins. Co.*, 317 U. S. 188 (63 SC 163, 87 LE 176) (1942).

[3] See *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U. S. 271 (108 SC 1133, 99 LE2d 296) (1988) (overruling the *Enelow-Ettelson* doctrine).

DECIDED MARCH 24, 2000.

*Small, White & Marani, Gus H. Small, Jr., David A. Geiger,* for appellant.
*Sutherland, Asbill & Brennan, James A. Orr, Rebecca L. Burnaugh,* for appellee.