[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14854
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-01447-MHC

RON D. BEAL, P.A.,

                                                              Plaintiff-Appellant,

versus

HARTFORD FIRE INSURANCE COMPANY,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 13, 2021)

Before MARTIN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Ron D. Beal, P.A., appeals the district court's order dismissing its breach of contract claim. Because the district court correctly concluded that Beal's claim was barred by the statute of limitations, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2006, Beal represented a subcontractor in a dispute with a general contractor bonded by Hartford Fire Insurance Company. The subcontractor settled with the contractor and Hartford. In the settlement agreement, Hartford agreed that it would "not contest that [the subcontractor was] entitled to recover attorney fees," while "reserv[ing] the right to challenge the amount of attorney fees based on the [s]ubcontract and Kansas law," and that the Kansas state court would "determine the amount of the [f]ees and [c]osts." The settlement agreement also provided that it would be "governed by and construed in accordance with the laws of the State of Kansas, without regard to conflicts or choice of law principles."

In November 2011, the state court held a three-day evidentiary hearing on the subcontractor's motion for attorney's fees. On December 2, 2011, Hartford submitted its proposed findings of fact and conclusions of law, which said that "[b]ecause the statutory bond issued by Hartford did not include attorney's fees, the [c]ourt should award $-0- in attorney's fees against Hartford." On April 4, 2014,[1]

---

[1] Hartford argues that Beal "mistakenly" refers to the judgment as being dated April 4, 2014—when it was entered on the docket by the clerk's office—instead of April 3, 2014—when

the state court ordered the contractor to pay the subcontractor "attorney fees, costs[,] and expenses in the amount of $378,622.10, less" an amount that was to be determined at a later hearing, but found that Hartford did not owe the subcontractor any attorney's fees. The subcontractor appealed, and the Kansas court of appeals affirmed.

In May 2014, the subcontractor filed for bankruptcy and its claim against Hartford was assigned to Beal in December 2017. On April 3, 2020, Beal sued Hartford in the Northern District of Georgia for breach of contract. Beal alleged that Hartford breached the settlement agreement on December 2, 2011 when it submitted its proposed findings of fact and conclusions of law asking the state court to find that it did not owe any attorney's fees to the subcontractor.

Hartford moved to dismiss Beal's complaint because the breach of contract claim was barred by the statute of limitations and Beal was collaterally estopped from taking a different position on the attorney's fees than the state court. Beal moved for summary judgment. The district court granted Hartford's motion to dismiss and denied Beal's motion for summary judgment as moot. The district court concluded that Georgia's six-year statute of limitations applied and began to run on December 2, 2011 when Hartford filed its proposed findings of fact and conclusions

---

the judge signed it. Beal is not mistaken. In Kansas, a judgment is not effective until it "is signed by the judge <u>and filed with the clerk</u>." Kan. Stat. Ann. § 60-258 (2010) (emphasis added).

of law arguing that it did not owe attorney's fees. Beal filed its breach of contract claim on April 3, 2020, more than eight years later. The district court also concluded that Beal's claim was barred by collateral estoppel because the state court necessarily decided that Hartford did not violate the settlement agreement when it "urg[ed] the Kansas court not to award . . . fees against it."

## STANDARD OF REVIEW

We review de novo a district court's order granting a motion to dismiss for failure to state a claim. Cisneros v. Petland, Inc., 972 F.3d 1204, 1210 (11th Cir. 2020). We "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Id. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). We review de novo a district court's order denying summary judgment. Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co., Ltd., 993 F.3d 1299, 1303 (11th Cir. 2021). We also review de novo "the district court's application of a statute of limitations," Berman v. Blount Parrish & Co., Inc., 525 F.3d 1057, 1058 (11th Cir. 2008), and "whether the doctrine of collateral estoppel [was] available," CSX Transp., Inc. v. Gen. Mills, Inc., 846 F.3d 1333, 1336 (11th Cir. 2017).

## DISCUSSION

Beal argues that the district court erred in concluding that its breach of contract claim was barred by the statute of limitations and collateral estoppel. Beal contends that the district court should have granted summary judgment in its favor and awarded prejudgment interest. Because the district court correctly determined that Beal's claim was barred by the statute of limitations, we do not need to address the other issues.

### *The Statute of Limitations Bars Beal's Claim*

As a preliminary matter, we must decide whether the Georgia or Kansas statute of limitations applies. While the settlement agreement between Hartford and the subcontractor said that Kansas law applied, "unless the parties expressly agree to apply the statute of limitations of another state, general choice of law provisions in contracts incorporate only substantive law and do not displace the procedural law of the forum state." W. Video Collectors, L.P. v. Mercantile Bank of Kansas, 935 P.2d 237, 239 (Kan. Ct. App. 1997). "A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state." Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc., 485 F.3d 1233, 1240 (11th Cir. 2007). Georgia, the forum state here, follows "the rule of lex fori" that "procedural or remedial questions are governed by the law of the forum, the state in which the action is brought." Lloyd v. Prudential Sec., Inc., 438 S.E.2d 703, 704 (Ga. Ct. App. 1993). Statutes of

limitations "look only to the remedy and so are procedural." Id. Thus, we apply Georgia's statute of limitations. The parties agree that the Georgia statute of limitations applies.

The parties also agree that this case boils down to one "key" issue: whether Georgia's six-year statute of limitations began to run on April 4, 2014, when the state court entered the order denying Beal attorney's fees from Hartford, or on December 2, 2011, when Hartford allegedly breached the settlement agreement.[2] We conclude, as the district court did, that the statute of limitations began to run on December 2, 2011 and, therefore, Beal's breach of contract claim—filed April 3, 2020—was filed long after the statute of limitations period expired.

Under Georgia law, "the true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result." Wallace v. Bock, 620 S.E.2d 820, 823 (Ga. 2005). For "a contract claim, the statute of limitations begins to run at the time of its alleged breach." Id.; see also Houghton v. Sacor Fin., Inc., 786 S.E.2d 903, 906 (Ga. Ct. App. 2016) ("an action for breach of a written contract must be brought within six years of the breach"). In its complaint, Beal alleged that Hartford "materially breach[ed]" the settlement agreement on "December 2, 2011" when Hartford

---

[2] To avoid confusion, we will refer to Beal instead of the subcontractor because Beal was assigned the subcontractor's claim against Hartford and now stands in the subcontractor's shoes.

submitted its proposed findings of fact and conclusions of law to the state court. And, on appeal, Beal maintains that the breach occurred on December 2, 2011. Therefore, the statute of limitations began to run on December 2, 2011—the date of the alleged breach—and Beal's breach of contract claim, filed more than six years after that date, was barred.

Beal argues that the statute of limitations could not have started to run before it was allegedly damaged on April 4, 2014, when the state court "ruled for Hartford instead of ruling for [Beal], thereby resulting in [Beal] losing a collectable judgment against Hartford." But Georgia courts have rejected Beal's argument, consistently holding that "the statute of limitation[s] runs from the time the contract is broken rather than from the time the actual damage results or is ascertained." Hamburger v. PFM Capital Mgmt., Inc., 649 S.E.2d 779, 782 (Ga. Ct. App. 2007); see also Shelnutt v. Mayor of Savannah, 826 S.E.2d 379, 384 (Ga. Ct. App. 2019) ("In contract actions the time of the breach controls, not the time the actual damages result or are ascertained."); Owen v. Mobley Constr. Co., Inc., 320 S.E.2d 255, 256 (Ga. Ct. App. 1984) ("[T]he statute of limitations runs from the time the contract is broken and not at the time the actual damage results or is ascertained." (quotation marks omitted)).

Beal suggests that those courts have it wrong and contends that the statute of limitations does not begin to run until a breach of contract claim is "due and payable"

because the statute says that "[a]ll actions upon simple contracts in writing shall be brought within six years after the same become due and payable." Ga. Code Ann. § 9-3-24 (1996). But the Georgia Supreme Court has made clear that "due and payable" refers to the contractual obligation, not the damages resulting from a breach of contract action. See Wallace, 620 S.E.2d at 821–24.

In Wallace, the plaintiffs purchased a house from a builder and scheduled a closing date. 620 S.E.2d at 821. At the closing, the plaintiffs noted that the house still needed some work, but they agreed to close and give the builder eleven days to finish working on the house. Id. The work was never completed. Id. Six years and a day after the closing date, the plaintiffs sued for breach of contract. Id. at 822. The court explained that a "suit alleging breach of a construction contract must be brought within six years after the same becomes due and payable" and that "the statute of limitations begins to run at the time of [the] alleged breach." Id. at 823 (quotation marks omitted; alteration adopted). "Thus, [the plaintiffs] were required to bring suit within six years of the date that [the builder's] contractual obligation . . . became 'due and payable.'" Id. In other words, six years from the date of the alleged breach. Because the suit was brought six years from the date of the closing and was based on a breach that occurred after the closing date, the court held that

8

the plaintiffs' suit was timely as they "brought suit less than six years after [the builder's] alleged breach." Id. at 824.[3]

To avoid Georgia's straightforward rule, Beal argues that the statute of limitations could not have started to run before April 4, 2014 because it did not know the extent of its damages until that date and, therefore, "until April 4, 2014, the action could not have been maintained, and would have resulted in dismissal on the twin grounds of 'standing' and 'ripeness.'" But Beal did not have to know the full extent of its damages to bring its breach of contract claim; it could have brought the claim immediately after the alleged breach.

Under Kansas law, "[e]stablishing the elements of a breach of contract claim entitles a plaintiff to nominal damages at a minimum."[4] Caldwell-Baker Co. v. Burlington N. & Santa Fe Ry. Co., 142 P.3d 752 (Kan. Ct. App. 2006) (citing Freeto Constr. Co. v. Am. Hoist & Derrick Co., 457 P.2d 1, 5–6 (Kan. 1969)). Accordingly, a plaintiff may bring a breach of contract claim "immediately following [the]

---

[3] The other two Georgia Supreme Court cases that Beal relies on do not, as it contends, stand for the proposition that the statute of limitations for a breach of contract claim begins to run at some point after the alleged breach. In Scully v. First Magnolia Homes, which was decided prior to Wallace, the court had no occasion to decide whether the statute of limitations began to run at the time of the breach or at the time the plaintiff sustained damages because the court held that the breach and damages both occurred at the same time. 614 S.E.2d 43, 46 (Ga. 2005). And in Colormatch Exteriors, Inc. v. Hickey, the court analyzed the statute of limitations applicable to tort claims, not breach of contract claims. 569 S.E.2d 495, 497–99 (Ga. 2002).

[4] Beal contends that "the substantive law of Georgia as to damages recoverable for breach of contract does not apply" and we must instead look to Kansas law to determine the available remedies. Hartford responds that it makes no difference which law applies because Georgia and Kansas law allow for the same remedies. We assume without deciding that Kansas law applies.

9

breach." In re Talbott's Estate, 337 P.2d 986, 991 (Kan. 1959) ("Since it is the breach of a contractual duty . . . which gives rise to the cause of action, claimant could have proceeded immediately following that breach whether or not actual damage had resulted, and would have been entitled to recover nominal damages, if nothing more."). The same is true under Georgia law. See Ga. Code Ann. § 13-6-6 (2006) ("In every case of breach of contract the injured party has a right to damages, but if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action.").

Here, Beal alleged that on December 2, 2011, Hartford breached its contractual duty not to oppose Beal's entitlement to attorney's fees in the state court action. At that point, Beal could have "immediately" brought its breach of contract claim. See id. And even if at that time monetary damages were an inadequate remedy for Hartford's alleged breach, Beal could have sought a court order compelling Hartford to withdraw its filing in the state action. See Stauth v. Brown, 734 P.2d 1063, 1070 (Kan. 1987) ("While equity does not make contracts for parties, it enforces contracts which parties make for themselves. . . . [A] court of equity, in the furtherance of justice, may compel a party to a contract to do that which ought to be done and which was contemplated at the time the agreement was entered into."); see also Rosen v. Hartstein, 317 P.3d 148 (Kan. Ct. App. 2014) (When a party "fails to perform under a contract, the other party . . . may . . . seek a court

10

order compelling the other party to perform his or her obligations; or sue for monetary damages caused by the failure to perform." (citing Hawkinson v. Bennett, 962 P.2d 445, 472 (Kan. 1998))).  Therefore, Beal did not have to wait to suffer further damages to bring its breach of contract claim.

Because Beal filed its breach of contract claim more than six years from the date of the alleged breach, the claim is barred by the statute of limitations.  Therefore, the district court correctly dismissed Beal's complaint and denied its motion for summary judgment as moot.

*Prejudgment Interest*

Beal argues that even if its breach of contract claim was barred by the statute of limitations, it was still entitled to summary judgment for prejudgment interest. Beal cites no authority for the proposition that a court may award prejudgment interest for a claim that has been dismissed.

"In Kansas, the general rule is that prejudgment interest is allowable on liquidated claims."  Owen Lumber Co. v. Chartrand, 157 P.3d 1109, 1118 (Kan. 2007).  "A claim becomes liquidated when both the amount due and the date on which such amount is due are fixed and certain or when the same become definitely ascertainable by mathematical calculation."  Id.  Here, there was no "amount due" to Beal from Hartford.  The state court judgment did not award Beal anything from Hartford, and there is no judgment awarding damages for Hartford's alleged breach

11

of the settlement agreement because Beal brought that claim after the statute of limitations expired.  The district court correctly denied Beal's motion for summary judgment for prejudgment interest.

**AFFIRMED.**