NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1301-23

RANDY HOPKINS, on behalf
of himself and those similarly
situated,

      Plaintiff-Appellant,

v.

LVNV FUNDING LLC,
MHC RECEIVABLES, LLC,
FNBM, LLC, SHERMAN
ORIGINATOR III, LLC, and
SHERMAN ORIGINATOR
LLC,

      Defendants-Respondents.

_____

> **APPROVED FOR PUBLICATION**
> **February 10, 2025**
> **APPELLATE DIVISION**

Argued September 23, 2024 – Decided February 10, 2025

Before Judges Sabatino, Gummer, and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1732-22.

Mark Jensen argued the cause for appellant (Kim Law Firm LLC, attorneys; Yongmoon Kim, Mark Jensen and Eliyahu D. Kaweblum, on the briefs).

Austin Patrick O'Brien (J. Robbin Law PLCC) argued the cause for respondents (Austin Patrick O'Brien, on the briefs).

The opinion of the court was delivered by

GUMMER, J.A.D.

In this appeal the parties dispute whether defendants waived a contractual right to arbitrate by their litigation conduct. Plaintiff Randy Hopkins appeals from an order granting defendants' motion to compel arbitration. In granting that motion, the trial court found defendants had not waived their right to compel arbitration because the parties had not conducted the type of "prolonged litigation" it perceived was necessary to support a waiver argument. Defendants contend we lack jurisdiction to hear this appeal. Unpersuaded by defendants' argument and convinced the trial court erred, we reverse.

I.

On January 26, 2022, LVNV Funding LLC (LVNV) filed a complaint against plaintiff in the Special Civil Part of the Law Division (collection action). LVNV alleged plaintiff had defaulted on an account he had with Credit One Bank, N.A. (Credit One) and had incurred a $746.71 debt. LVNV claimed it was the successor in interest and owner of the debt, asserting a chain of title that included MHC Receivables, LLC (MHC), FNBM, LLC (FNBM), Sherman Originator III, LLC (SOLLC III), and Sherman Originator LLC (SOLLC).

A-1301-23

On March 7, 2022, plaintiff filed an answer and "class action counterclaim," in which he alleged any right LVNV purportedly had to his Credit One account was void and unenforceable because LVNV and the other assignors were not licensed to conduct business as consumer lenders or sales finance companies pursuant to the New Jersey Consumer Finance Licensing Act (CFLA), N.J.S.A. 17:11C-1 to -49. On March 28, 2022, LVNV filed an answer with affirmative defenses. It did not assert the right to arbitrate as an affirmative defense; its attorney certified pursuant to Rule 4:5-1(b)(2) that "the matter in controversy is not the subject of any . . . pending arbitration proceeding; and no other action or arbitration proceeding is contemplated."

Plaintiff filed the purported class-action lawsuit that is the subject of this appeal against defendants LVNV, MHC, FNBM, SOLLC III, and SOLLC in the Civil Part of the Law Division on May 25, 2022. In that complaint, he made allegations similar to those he had made in his counterclaim. He claimed defendants, by acquiring and collecting debts when they were not licensed under the CFLA, had been unjustly enriched and had violated the CFLA, the Consumer Fraud Act, N.J.S.A. 56:8-1 to -229, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

On the same day, plaintiff moved to transfer and consolidate the collection action with this action. Defendants opposed the motion and on June

3

16, 2022, cross-moved to dismiss plaintiff's complaint pursuant to Rule 4:6-2(e) for failure to state a cause of action. Defendants subsequently replied to plaintiff's opposition to their cross-motion. On September 23, 2022, the court granted plaintiff's motion and granted in part defendants' motion, dismissing plaintiff's unjust-enrichment claim without prejudice. The initial discovery end date for the case was August 24, 2023. The parties later stipulated to extending the deadline to October 23, 2023.

On November 11, 2022, plaintiff served discovery requests on defendants, including requests for admissions, requests for productions, and interrogatories. Defendants did not respond timely to the document requests or interrogatories. The following June, plaintiff's counsel sent defense counsel a letter regarding defendants' failure to respond in an attempt to meet and confer pursuant to Rule 1:6-2(c) and "to avoid the necessity of motion practice."

On July 14, 2023, defendants filed an answer to the complaint with thirteen affirmative defenses. Defendants did not include the right to arbitrate as one of those affirmative defenses, and their attorney certified pursuant to Rule 4:5-1(b)(2) that "the matter in controversy is not the subject of any . . . pending arbitration proceeding; and no other action or arbitration proceeding is contemplated."

On September 20, 2023, plaintiff moved to compel defendants' discovery responses. In support of the motion, plaintiff's counsel certified plaintiff had made "repeated efforts" to obtain defendants' discovery responses. On the same day, plaintiff also moved to extend discovery pursuant to Rule 4:24-1(c). According to plaintiff, his motions were "withdrawn by the [c]ourt" on September 22, 2023, the same day defendants moved to compel arbitration.

In support of their motion, defendants submitted the certification of their lawyer, who detailed the procedural history of this case and the collection action. Defendants also submitted a declaration of Michael Wiese, an employee of Credit One. In that declaration, Wiese stated plaintiff applied for a Credit One account in 2018 and that Credit One had opened the account and issued a credit card to plaintiff. According to Wiese, in applying for and opening the account, plaintiff had "entered into a Card Agreement containing the terms and conditions of the Account . . . and Arbitration Agreement . . . ." Wiese confirmed Credit One had mailed to plaintiff the credit card with the Card Agreement, which contained the Arbitration Agreement. Wiese attached to his declaration a copy of the Card Agreement. Pages six through eight of the Card Agreement contained the Arbitration Agreement. The Arbitration Agreement section provided the "agreement to arbitrate . . . shall be governed

by, and enforceable under, the Federal Arbitration Act (the 'FAA'), 9 U.S.C. §[§ 1 to 16] . . . ."

After hearing argument, the court placed a decision on the record, granting defendants' motion. The court initially assumed defendants had included a demand for arbitration in their answer and observed defendants "[m]aybe" should have moved to compel arbitration after their motion to dismiss "was denied a year ago." The court cited Cole v. Jersey City Medical Center, 215 N.J. 265 (2013), in which the Supreme Court identified several factors trial courts should consider when determining whether a party waived a right to arbitrate. But it did not evaluate the facts of this case under those factors. Believing the parties had done "nothing" since the court decided defendants' motion to dismiss, "except [the service of] paper discovery," the court found "there ha[d] not been the type of prolonged litigation" that would require the court to deny defendants' arbitration motion. The court granted the motion "due to the lack of litigation."

Plaintiff's counsel advised the court that, contrary to its assumption, defendants had not asserted the right to arbitrate as a separate defense in their answer and instead had stated the matter was not the subject of any existing or contemplated arbitration in its Rule 4:5-1(b)(2) certification. The court acknowledged that correction but still granted the motion. The court entered

6

an order on November 22, 2023, granting defendants' motion to compel arbitration and staying the case "so arbitration can be held."

This appeal followed.

## II.

Plaintiff argues the court erred by finding defendants had not waived their purported right to arbitrate, by allowing defendants to enforce a provision of a contract plaintiff claimed the Legislature had declared void, and by granting the motion without allowing discovery on the issue of arbitrability. In response, defendants contend this court should not reverse the order granting their motion because the trial court correctly decided the issue and we lack jurisdiction to say otherwise.

## A.

We address first the jurisdiction issue raised by defendants. Defendants contend this court does not have jurisdiction to decide plaintiff's appeal of the trial court's "interlocutory" order granting defendants' motion to compel arbitration. Because the arbitration agreement at issue is governed by the FAA, defendants cite only federal case and statutory law to support their argument. They ignore New Jersey court rules and case law expressly permitting us to consider appeals of orders resolving motions to compel arbitration.

In Wein v. Morris, 194 N.J. 364, 380 (2008), the New Jersey Supreme Court "deem[ed] an order compelling arbitration a final judgment appealable as of right." The Court held "whether the court in compelling arbitration dismisses the action as part of a final order or stays the matter, the order will be deemed final and appealable as of right." Ibid. The Court exercised its rulemaking authority to amend Rule 2:2-3 "to add an order of the court compelling arbitration to the list of orders that shall be deemed final judgments for appeal purposes." Ibid.; see also GMAC v. Pittella, 205 N.J. 572, 585, 587 (2011) (Court confirms "all orders denying and granting arbitration should be treated as final for purposes of appeal"). Rule 2:2-3(b) lists types of orders that, in addition to final judgments, are "appealable as of right." Pursuant to Rule 2:2-3(b)(8), "orders compelling or denying arbitration, whether the action is dismissed or stayed," are appealable as of right.

That the arbitration agreement at issue is governed by the FAA isn't a basis to disregard New Jersey procedural rules or New Jersey Supreme Court precedent. Rule 2:2-3 is a rule of procedure. "If claims are brought in state courts, state rules of procedure and practice ordinarily control how the claims are processed." Maisonet v. N.J. Dep't of Hum. Servs., Div. of Fam. Dev., 140 N.J. 214, 222 (1995). "States 'may apply their own neutral procedural rules to federal claims, unless those rules are preempted by federal law,' . . . ." Ibid.

A-1301-23

(quoting Howlett v. Rose, 496 U.S. 356, 372 (1990)).  In a case involving alleged civil-rights violations and 42 U.S.C. § 1983, the New Jersey Supreme Court held Rule 2:2-3(a) is "a neutral procedural rule that is not outcome-determinative and is not preempted by federal law."  Harris v. City of Newark, 250 N.J. 294, 317 (2022).

The FAA does not preempt Rule 2:2-3.  "[T]he FAA 'contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration.'"  Arafa v. Health Express Corp., 243 N.J. 147, 164-65 (2020) (quoting Volt Info Scis. v. Bd. of Trs., 489 U.S. 468, 477 (1989)).  The purpose of the FAA was to address "[the] hostility of American courts to the enforcement of arbitration agreements" and "to place arbitration agreements upon the same footing as other contracts."  Id. at 164 (alteration in original) (first quoting Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111 (2001); and then quoting Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 208 (2019)).  Consequently, "[t]he FAA has a liberal federal policy of favoring arbitration . . . ."  Ibid.  However, "[t]here is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate."  Volt, 489 U.S. at 476.

The FAA preempts a "state law [that] prohibits outright the arbitration of a particular type of claim." Antonucci v. Curvature Newco, Inc., 470 N.J. Super. 553, 564 (App. Div. 2022) (quoting AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 341 (2011)). And it "preempts any state rule discriminating on its face against arbitration." Arafa, 243 N.J. at 164 (quoting Kindred Nursing Ctrs. Ltd. P'ship v. Clark, 581 U.S. 246, 251 (2017)). Rule 2:2-3 does neither of those things and in no way violates "the FAA's edict against singling out [arbitration] contracts for disfavored treatment." Kindred Nursing Ctrs., 581 U.S. at 252. "The timing of the right to appeal from an order compelling arbitration is a procedural matter which may delay but does not prevent enforcement of a valid arbitration agreement." Simmons Co. v. Deutsche Fin. Servs. Corp., 532 S.E.2d 436, 440 (Ga. Ct. App. 2000). Thus, Rule 2:2-3 is not preempted by the FAA, and we have jurisdiction to consider this appeal.[1]

_____

[1] See also Martinez v. Ring-Central, Inc., 392 So. 3d 569, 572-73 (Fl. Dist. Ct. App. 2024) (after noting "[s]everal courts have concluded that the FAA does not preempt state procedural rules that provide for different deadlines than the FAA," court holds the FAA does not preempt Florida's ninety-day deadline for filing a motion to vacate an arbitration award); Moscatiello v. Hilliard, 939 A.2d 325, 329 (Pa. 2007) (Pennsylvania Supreme Court finds "[t]he federal policy favoring arbitration, set forth in the FAA, is limited to Congress's intent to make arbitration agreements enforceable. The FAA does not preempt the procedural rules governing arbitration in state courts, as that is beyond its reach"); Hottle v. BDO Seidman, LLP, 846 A.2d 862, 866 n.5 (Conn. 2004)

B.

We now turn to the issue of whether the trial court correctly decided defendants had not waived their purported right to arbitration by their litigation conduct. We review de novo a trial court's order deciding the legal issue of waiver. Skuse v. Pfizer, Inc., 244 N.J. 30, 46 (2020); Marmo & Sons Gen. Contracting, LLC v. Biagi Farms, LLC, 478 N.J. Super. 593, 607 (App. Div. 2024). Having conducted that review, we conclude defendants waived their asserted right to arbitrate and reverse.

"New Jersey has a long-standing policy favoring arbitration as a means of dispute resolution." Santana v. SmileDirectClub, LLC, 475 N.J. Super. 279, 285 (App. Div. 2023); see also Martindale v. Sandvik, Inc., 173 N.J. 76, 92 (2002) (acknowledging "the affirmative policy of this State, both legislative and judicial, favors arbitration as a mechanism for resolving disputes"). Federal and New Jersey case law implementing the FAA also have recognized the favored status of arbitration. Marmo, 478 N.J. Super. at 602. However, that favored status is "subject to certain exceptions." Ibid. One of those

_____

(Connecticut Supreme Court finds "under Connecticut law, the trial court's ruling to compel arbitration is a final judgment" and the FAA "has not been held to supersede State procedural laws"); Simmons, 532 S.E.2d at 439 (finding "[i]t follows that procedural rules established by a state for the arbitration process that do not undermine the purposes and objectives of the FAA are not preempted").

exceptions is "when a party to a contractual arbitration provision has waived the right to compel arbitration, by its actions or inactions." Ibid.

In Cole, our Supreme Court held courts must engage in a fact-sensitive, "totality of the circumstances" analysis when determining whether a party has waived the right to arbitrate a claim. 215 N.J. at 280. In making that assessment, courts "concentrate on the party's litigation conduct to determine if it is consistent with its reserved right to arbitrate the dispute." Ibid. The Court identified several factors courts should consider when performing that assessment. Id. at 280-81. Those factors include:

> (1) the delay in making the arbitration request; (2) the filing of any motions, particularly dispositive motions, and their outcomes; (3) whether the delay in seeking arbitration was part of the party's litigation strategy; (4) the extent of discovery conducted; (5) whether the party raised the arbitration issue in its pleadings, particularly as an affirmative defense, or provided other notification of its intent to seek arbitration; (6) the proximity of the date on which the party sought arbitration to the date of trial; and (7) the resulting prejudice suffered by the other party, if any.
>
> [Ibid.]

"No one factor is dispositive." Id. at 281; see also Marmo, 478 N.J. Super. at 603.

Although it cited Cole, the trial court failed to perform the required analysis of this case under the factors articulated by the Court. We do so now.

The first factor, delay, weighs in favor of waiver. Plaintiff filed its complaint on May 25, 2022. Defendants didn't assert a right to arbitration until they filed the motion to compel on September 22, 2023, nearly sixteen months later. That delay was significantly greater than the six-month delay we excused in Spaeth v. Srinivasan, 403 N.J. Super. 508, 516 (App. Div. 2008), and was much closer to the twenty-one month delay the Court found supported waiver in Cole, 215 N.J. at 281. Defendants were represented by counsel and, thus, "better equipped to recognize [their] right to arbitration and act upon it swiftly" than a self-represented party. Marmo, 478 N.J. Super. at 611. Even the trial court recognized defendants "[m]aybe" should have moved to compel arbitration after their motion to dismiss "was denied a year ago."

The second factor, motion practice, also weighs in favor of waiver. "The filing of a dispositive motion is a significant factor demonstrating a submission to the authority of a court to resolve the dispute." Cole, 215 N.J. at 282. More than a year before they moved to compel arbitration, defendants opposed plaintiff's motion to transfer and consolidate and cross-moved to dismiss plaintiff's complaint pursuant to Rule 4:6-2(e) for failure to state a cause of action. Contrary to defendants' assertion, that cross-motion was not a mere "technical motion." Defendants benefited by filing that cross-motion because the court granted it in part, dismissing plaintiff's unjust-enrichment claim.

13                                                          A-1301-23

The third factor, litigation strategy, also weighs in favor of arbitration. We recognize a party's litigation strategy may be difficult to discern. Here, however, defendants' decision to first move to dismiss – a decision that benefited defendants because they obtained the dismissal of the unjust-enrichment claim – before moving to compel arbitration indicates their delay in seeking arbitration was part of their litigation strategy. And unlike the plaintiff in <u>Marmo</u>, 478 N.J. Super. at 612, defendants have not asserted their "failure to recognize [their] right to arbitration sooner was a good-faith mistake."

The fourth factor, the extent of discovery conducted, is in equipoise. Defendants did not obtain any discovery from plaintiff. But, they stipulated to the extension of the discovery period, evaded responding to plaintiff's discovery requests, and moved to compel arbitration two days after plaintiff moved to compel those responses. Like the plaintiff in <u>Marmo</u>, defendants "used the court system to [their] advantage before shifting the case to arbitration." <u>Ibid.</u>

The fifth factor, "whether the party raised the arbitration issue in its pleadings, particularly as an affirmative defense, or provided other notification of its intent to seek arbitration," weighs heavily in favor of waiver. <u>Cole</u>, 215 N.J. at 281. Defendants did not include the right to arbitrate as one of the

14

thirteen affirmative defenses they pleaded in their answer. "Although the failure to list arbitration as an affirmative defense is not dispositive of the issue, . . . it does inform the waiver analysis." Ibid. Not only did defendants fail to plead arbitration as an affirmative defense, their Rule 4:5-1(b)(2) certification contained a representation that "the matter in controversy is not the subject of any . . . pending arbitration proceeding; and no other action or arbitration proceeding is contemplated." Rule 4:5-1(b)(2) imposes on litigants a "'continuing obligation' to amend the certification if the underlying facts change." Marmo, 478 N.J. Super. at 613. In Marmo, we "emphasize[d] the importance of accurate Rule 4:5-1(b)(2) certifications at the outset of a case, and counsel's due diligence in promptly advising the court and opposing counsel, on a continuing basis, as to whether arbitration might be sought." Ibid. Defendants failed to fulfill that obligation.

The sixth factor, proximity to a trial date, weighs against waiver because the court had not yet scheduled the trial. See ibid.

The seventh factor, prejudice, weighs slightly in favor of waiver. Defendants, by delaying their pursuit of arbitration, obtained the dismissal of plaintiff's unjust-enrichment claim. And "[i]f we define prejudice as 'the inherent unfairness—in terms of delay, expense, or damage to a party's legal position–[then prejudice] occurs when the party's opponent forces it to litigate

15

an issue and later seeks to arbitrate that same issue.'"  Cole, 215 N.J. at 282 (second alteration in original) (internal quotation marks omitted) (quoting PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 107 (2d Cir. 1997)). Under that definition of prejudice, plaintiff has been prejudiced.

Having completed a de novo analysis of the Cole factors and considering the totality of the circumstances, we conclude defendants engaged in litigation conduct that was inconsistent with their purported right to arbitrate the dispute with plaintiff.  The trial court erred in finding otherwise.  Accordingly, we reverse the November 22, 2023 order granting defendants' motion to compel arbitration.  Because we are reversing the order on that basis, we do not reach plaintiff's other arguments.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16                                                    A-1301-23